**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| CAROLEE, LLC <br><br> Plaintiff, <br><br> v. <br><br> EFASHION SOLUTIONS, LLC <br><br> Defendant. | Civil Action No.: 2:12-CV-2630-WHW-SCM <br><br> **REPORT AND RECOMMENDATION** |

## INTRODUCTION

Before the Court is Plaintiff's request, made by way of informal application, to strike Defendant's Answer and to grant Plaintiff monetary sanctions due to Defendant's failure as a corporate entity to secure counsel, appear with counsel for Court Ordered conferences and to otherwise defend against the instant claims.

## BACKGROUND

On May 2, 2012, plaintiff, Carolee, LLC ("Plaintiff") filed a Complaint in which Plaintiff alleges that defendant, eFashions Solutions, LLC ("Defendant") breached the E-Commerce Operations Agreement that parties entered into. (Docket Entry ("D.E.") No. 1, Plaintiff's Complaint ("Cmplt."). On June 18, 2012, Defendant

1

filed a timely Answer.[1] (D.E. 6). On October 26, 2012, Christian J. Jensen, Esq. ("Jensen") of the law firm of OlenderFeldman, LLP, filed a Motion to Withdraw as Counsel for Defendant. (D.E. 13, Jensen's Motion to Withdraw ("MTW")). In his MTW, Jensen stated that Defendant has terminated his law firm as counsel in the instant action and has also failed to pay outstanding legal fees. (D.E. 13-1, Jensen's Certification in Support of Motion to Withdraw as Counsel ("MTW Cert."). By way of Letter Order dated November 26, 2012, Judge Arleo granted Jensen's MTW. (D.E. 14, Judge Arleo's November 26, 2012 Letter Order). The afore-referenced Letter Order also advised that because Defendant is a corporate entity "[u]nder the law, it must be represented by a member of the bar. If counsel has not entered an appearance on behalf of it, I will ask the District Judge to strike its answer and enter default against it." *Id*.

By Order dated January 31, 2013, the undersigned, ordered all counsel and parties to appear for a Rule 16 Conference on April 2, 2013. (D.E. 15, Order Scheduling Rule 16 Conference) and advised the parties that "[sanctions] may be imposed

---

[1] On May 31, 2012, Defendant filed an application for an Extension of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint pursuant to Local Civil Rule 6.1(b); said application was approved by the Court, thereby providing Defendant until June 18, 2012, to file its responsive pleading. *See* D.E. 5, Defendant's Application for Extension to Answer, Move or Otherwise Reply to Plaintiff's Complaint.

pursuant to Fed. R. Civ. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared. *Id.*

Also, by way of Text Order dated February 1, 2013, the undersigned ordered all counsel and parties to attend and in-person status conference on February 26, 2013 and further advised that "[defendant] eFashions, LLC must have a counsel enter an appearance on behalf of the company and the new counsel must be present at the status conference. Failure to appear will result in sanctions." (D.E. 16, February 1, 2013 Text Order ("Feb. Text Order"). The Feb. Text Order was sent via certified mail to the Defendant and a Certified Mail Receipt was returned to the Court signed by a Brian C. Mather on February 6, 2013. (D.E. 17, Signed Certified Mail Receipt).

By way of written correspondence dated April 4, 2013, Neil B. Friedman, Esq. ("Friedman"), counsel for Plaintiff made a request that Defendant's Answer be stricken for failure to defend the instant action and that monetary and/or reprimand sanctions be imposed upon the Plaintiff due to Plaintiff's failure to appear before this Court for the aforementioned February 26, 2013, in-person status conference, thereby allowing Plaintiff to proceed to seek an entry of default. (D.E. 18, Plaintiff's Counsel's April 4, 2013 Letter Request to Strike

3

Answer ("Pl. Ltr. Request").

## **DISCUSSION**

The failure of Defendant, a corporate entity, to retain counsel requires the undersigned to recommend that the District Judge strike Defendant's Answer and order that default be entered against it. Plaintiff would then be permitted to seek judgment by default. It is well-settled in the Third Circuit that corporations cannot represent themselves *pro se*. *See Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1996).

Following the Court's Order of November 26, 2012, whereby Mr. Jensen/ OlenderFeldman, LLP was permitted to withdraw as counsel for Defendant, Defendant was essentially afforded three (3) months to retain new counsel. The aforementioned Order as well as the subsequent Feb. Text Order explained that a corporate entity cannot represent itself under applicable law and directed Defendant to retain counsel by the February 26, 2012, in-person status conference. Additionally, the Order warned Defendant that if counsel failed to enter an appearance on its behalf by February 26, 2013, this Court would recommend that the District Court strike its Answer and enter Default against Defendant. The undersigned is satisfied that Defendant knew or should have known of its obligation to retain counsel

4

and for reasons still unknown to the Court, elected not to retain counsel and has otherwise failed to defend itself against the claims made in the instant action.

Despite the herein referenced Orders from this Court, Defendant has not retained counsel. Further, counsel failed to appear on Defendant's behalf at the February 26, 2013, in-person status conference and no counsel has since entered an appearance on behalf of Defendant in this matter. Therefore, I recommend that the District Court strike Defendant's Answer, enter Default judgment against it, and allow Plaintiff to proceed to judgment by default as to Defendant. Regarding Plaintiff's request for monetary and/or other sanctions, the undersigned further recommends that the District Judge grant Plaintiff's reasonable costs and attorney's fees incurred as a result of: 1) preparing for and appearing at the February 26, 2013, in-person status conference; 2) making the instant request; and 3) moving for judgment of default against the Defendant.

## **CONCLUSION**

The recommendation to strike Defendant's Answer, order that default be entered against Defendant, allow Plaintiff to proceed to default judgment and award Plaintiff the monetary sanctions as described above is not made lightly. However, the undersigned is convinced that it there is no alternative.

5

Defendant was offered multiple opportunities to secure counsel and to appear at court ordered conferences, but to no avail. This Court also repeatedly warned it that continuation of this conduct would result in sanctions. Furthermore, Defendant, as a corporation, cannot represent itself *pro se* under settled Third Circuit Law. *See Simbraw v. United States,* 367 F.2d 373, 374 (3d Cir. 1996). Under the circumstances, no less onerous sanctions would be appropriate.

For the reasons set forth above, the undersigned recommends that the District Court strike the Amended Answer and order that default be entered against Defendant. Furthermore, Plaintiff should be allowed to proceed to judgment by default as to Defendant and be awarded reasonable attorney's fees and costs as described above.

The parties have fourteen (14) days from receipt hereof to file and serve objections.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/20/2013 6:22:09 PM

Dated: May 20, 2013

6