**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| CAROLEE, LLC, | : | |
|               Plaintiff, | : | |
|  | : | **ORDER** |
|     v. | : | |
|  | : | Civ. No. 12-2630 (WHW) |
| EFASHION SOLUTIONS, LLC, | : | |
|  | : | |
|               Defendant. | : | |

**Walls, Senior District Judge**

      This is a breach of contract case in which the Defendant eFashion Solutions, LLC, has failed to retain licensed counsel since November 2012, despite numerous orders by the Court to do so. ECF No. 14. Before the Court is the Report and Recommendation of United States Magistrate Judge Mannion recommending that the Court strike Defendant's Answer, order that default be entered against Defendant, allow Plaintiff to proceed to default judgment, and award Plaintiff certain monetary sanctions. ECF No. 19.

      The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). *See also* L. Civ. R. 72.1(c)(2). No objections have been raised to the May 20, 2013 Report and Recommendation.

      Normally, to ensure "that a party still has her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the Court must consider the six factors adopted by the Third

**NOT FOR PUBLICATION**

Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), before granting a motion to strike resulting in default judgment. *See, e.g.*, *Harrington v. All American Plazas, Inc.*, 2010 WL 2710573, at *2 (D.N.J. Jul. 7, 2010). But "a *Poulis* analysis is unnecessary when a litigant's willful conduct prevents the case from going forward," giving the Court no other viable course of action. *Dover v. Diguglielmo*, 181 F.App'x 234, 238 (3d Cir. 2006); *Caldwell v. Vineland Police Dep't*, 2010 WL 25459, at *1 (D.N.J. June 18, 2010).

Here, the May 20, 2013 Report and Recommendation does not analyze the *Poulis* factors, but it does document Defendant's failure to retain counsel despite the Magistrate Judge's repeated warnings that such failure would result in sanctions and default judgment. ECF Nos. 14 & 16. As early as November 27, 2012, a letter order informed Defendant that it is required by law to be represented by a member of the bar because it is a corporate entity. ECF No. 14. Defendant also failed to appear at a status conference scheduled for February 26, 2013. ECF Nos. 15 & 16. Defendant has thus "willful[ly] …prevent[ed] the case from going forward," *Dover*, 181 F.App'x at 238, foregoing its day in court by way of its own "dilatory behavior," *Poulis*, 747 F.2d at 870.

The Court adopts the recommendation to strike Defendant's Answer and to impose certain monetary sanctions. The Court further orders the Clerk of the Court to enter default against Defendant eFashion Solutions, LLC.

It is, on this 2nd day of July, 2013:

ORDERED that Defendant's Answer (ECF No. 6) is stricken; and

ORDERED that the Clerk of the Court shall enter default against Defendant eFashion Solutions, LLC; and

**NOT FOR PUBLICATION**

ORDERED that Plaintiff is granted leave to submit appropriate documentation of reasonable costs and attorney's fees incurred as a result of: (1) preparing for and appearing at the February 26, 2013 in-person status conference; (2) making the April 4, 2013 request (ECF No. 18); and (3) moving for default judgment against Defendant. Amount of such will be determined by the Court upon receipt of the documentation.

<u>**/s/ William H. Walls**</u>

United States Senior District Judge